
D64843585 CLF



| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br>(REV 6-12-00)<br>WWW.COURTCLERK.ORG | GREGORY HARTMANN<br>CLERK OF COURTS |
|---|---|---|

CASE NUMBER: A0506543 PLAINTIFF: Tetra Tech Consulting & Remediation, Inc.

PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED

UNDER CASE NUMBER: ______________ BY JUDGE ______________

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH
2005 AUG 11 A 10:22

PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS:

( ) OTHER TORT – C360
- ( ) Personal Injury – C310
- ( ) Wrongful Death – C320
- ( ) Vehicle Accident – C370

( ) PROFESSIONAL TORT – A300
- ( ) Personal Injury – A310
- ( ) Wrongful Death – A320
- ( ) Legal Malpractice – A330
- ( ) Medical Malpractice – A340

( ) PRODUCT LIABILITY – B350
- ( ) Personal Injury – B310
- ( ) Wrongful Death – B320

WORKER'S COMPENSATION
- ( ) Non-Compliant Employer – D410
- ( ) Appeal – D420

FORECLOSURE
- ( ) Foreclosure – E510
- ( ) Foreclosure-Taxes – E520
- ( ) Foreclosure-Mechanics Lien – E530

( ) ADMINISTRATIVE APPEALS – F600
- ( ) Appeal Civil Service – F610
- ( ) Appeal Motor Vehicle – F620
- ( ) Appeal Unemployment – F630
- ( ) Appeal Liquor – F640
- ( ) Appeal Taxes – F650
- ( ) Appeal Zoning – F660

( ) OTHER CIVIL – H700-34
- ( ) Appropriation – H710
- ( ) Accounting – H720
- ( ) Beyond Jurisdiction – H730
- (X) Breach of Contract – H740
- ( ) Cancel Land Contract – H750
- ( ) Change of Venue – H760
- ( ) Class Action – H770
- ( ) Convey Declared Void – H780
- ( ) Declaratory Judgment – H790
- ( ) Discharge Mechanics Lien – H800
- ( ) Dissolve Partnership – H810
- ( ) CONSUMER SALES ACT (1345 ORC) – H820
- ( ) Check here if relief includes declaratory judgment, injunction or class action recovery – H825
- ( ) Habeas Corpus – H830
- ( ) Injunction – H840
- ( ) Mandamus – H850
- ( ) On Account – H860
- ( ) Partition – H870
- ( ) Quiet Title – H880
- ( ) Replevin – H890
- ( ) Sale of Real Estate – H900
- ( ) Specific Performance – H910
- ( ) Restraining Order – H920
- ( ) Testimony – H930-21
- ( ) Environmental – H940
- ( ) Cognovit – H950
- ( ) Menacing by Stalking – H960
- ( ) Repo Title – Transfer of Title Only – H970
- ( ) Repo Title – With Money Claim – H980

DATE: 8/10/05

ATTORNEY (PRINT): Robert A. Hager

OHIO SUPREME COURT NUMBER: 0040196



**Gregory Hartmann, Clerk of Courts**
**Court of Common Pleas, Hamilton County, Ohio**
**www.courtclerk.org**

# NOTIFICATION FORM

## CASE INFORMATION

**Date:** August 11, 2005

**Case No.:** A0506543

**Caption:** Tetra Tech Consulting & vs Qingdao Iron & Steel Group

*************************************************************

## ATTORNEY INFORMATION

**Attorney Name:** Robert A. Hager

**Attorney Address:** Buckingham, Doolittle & Burroughs, LLP
Firm
1375 E. 9th Street, Suite 1700
Street Number
Cleveland, Ohio 44114
City, State, Zip
216-615-7318
Phone Number
330-252-5318
Fax Number

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH
2005 AUG 11 A 10:21

**Ohio Attorney Supreme Court No.:** 0040196

( ) Address change only

*************************************************************

## COURT PARTY INFORMATION

| | | |
|---|---|---|
| Name of Client: Tetra Tech CR, Inc. | (X) Plaintiff | ( ) Defendant |
| Name of Client: | ( ) Plaintiff | ( ) Defendant |
| Name of Client: | ( ) Plaintiff | ( ) Defendant |
| Name of Client: | ( ) Plaintiff | ( ) Defendant |
| Name of Client: | ( ) Plaintiff | ( ) Defendant |

**Substituted for:** ______________________ (if applicable)

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH

2005 AUG 11 A 10: 21

FILED

Gregory Hartmann, Clerk of Courts
Court of Common Pleas, Hamilton County, Ohio
www.courtclerk.org

# NOTIFICATION FORM

## CASE INFORMATION

Date: August 11, 2005

Case No.: A0506543

Caption: Tetra Tech Consulting & vs Qingdao Iron & Steel Group

**************************************************************

## ATTORNEY INFORMATION

Attorney Name: Mark F. Craig

Attorney Address: Buckingham, Doolittle & Burroughs, LLP
Firm
1375 E. 9th Street, Suite 1700
Street Number
Cleveland, Ohio 44114
City, State, Zip
216-615-7302
Phone Number
330-252-5328
Fax Number

Ohio Attorney Supreme Court No.: 0074634

( ) Address change only

**************************************************************

## COURT PARTY INFORMATION

Name of Client: Tetra Tech CR, Inc. (X) Plaintiff ( ) Defendant

Name of Client: ______ ( ) Plaintiff ( ) Defendant

Name of Client: ______ ( ) Plaintiff ( ) Defendant

Name of Client: ______ ( ) Plaintiff ( ) Defendant

Name of Client: ______ ( ) Plaintiff ( ) Defendant

Substituted for: ______ (if applicable)




FILED
AUG 1 1 2005
GREGORY HARTMANN
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| TETRA TECH CONSULTING & REMEDIATION, INC, 200 East Randolph Drive, Suite 4700 Chicago, IL 60601, | CASE NO A0506543 |
| Plaintiff, | JUDGE |
| v | **COMPLAINT** |
| QINGDAO IRON & STEEL GROUP HOLDING CO LTD, 10 South Geneva Road Vineyard, Utah 84063, | **(Jury Demand Endorsed Hereon)** |
| and | |
| MARCUS A SOUTHWORTH, American Towers 48 West Broadway Suite 701 Salt Lake City, Utah 84101, | |
| Defendants | |

ORIG, COMP, PARTIES, SUMMONS
(X) CERT MAIL ( ) SHERIFF ( ) WAVE
( ) PROCESS SERVER ( ) NONE
CLERK'S FEES ______ TIC
SECURITY FOR COST ______
DEPOSITED BY 40196
FILING CODE H741

Plaintiff, Tetra Tech Consulting & Remediation, Inc ("Tetra Tech"), for its Complaint against Defendants, Qingdao Iron & Steel Group Holding Co Ltd ("Qingdao"), and Marcus A Southworth ("Southworth"), states and alleges as follows



FILED
AUG 1 1 2005
GREGORY HARTMANN
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

TETRA TECH CONSULTING & REMEDIATION, INC,
200 East Randolph Drive, Suite 4700
Chicago, IL 60601,

Plaintiff,

v

QINGDAO IRON & STEEL GROUP HOLDING CO LTD,
10 South Geneva Road
Vineyard, Utah 84063,

and

MARCUS A SOUTHWORTH,
American Towers
48 West Broadway
Suite 701
Salt Lake City, Utah 84101,

Defendants

CASE NO A0506543

JUDGE

**COMPLAINT**

**(Jury Demand Endorsed Hereon)**

ORIG, COMP, PARTIES, SUMMONS
( ) CERT MAIL ( ) SHERIFF ( ) WAVE
( ) PROCESS SERVER ( ) NONE
CLERK'S FEES ____ TIC
SECURITY FOR COST ____
DEPOSITED BY 40196
FILING CODE H741

Plaintiff, Tetra Tech Consulting & Remediation, Inc ("Tetra Tech"), for its Complaint against Defendants, Qingdao Iron & Steel Group Holding Co Ltd ("Qingdao"), and Marcus A Southworth ("Southworth"), states and alleges as follows

**COUNT I**
**(Breach of Contract)**

1 Tetra Tech is a corporation organized under the laws of the State of Delaware and registered as a foreign corporation in the State of Ohio Tetra Tech is engaged in the business of providing construction-related services for and on construction projects, including projects involving the removal, dismantling, packaging and shipping of used steel mill equipment

2 Qingdao is a foreign entity with its principal place of business located in China at 5 Zunyi Road, Qingdao, China 266043, with a temporary U S office currently located at 10 South Geneva Road, Vineyard, Utah 84063 Qingdao is in the business of purchasing assets, including equipment used in the steel industry, and dismantling and removing steel mill equipment for use in China

3 Southworth is an authorized agent of and consultant for Qingdao

4 On or about December 17, 2003, Qingdao entered into an Asset Sale Agreement with Geneva Steel in Orem, Utah to purchase various assets of Geneva Steel ("Equipment") for relocation to China

5 Qingdao solicited a proposal from Tetra Tech for services, including the dismantling, removal, packaging, loading and shipment to China of the Equipment ("Services") However, Qingdao did not identify the equipment to be dismantled, but instead instructed Tetra Tech to submit a proposal based upon Tetra Tech's past experience with equipment dismantling, removal and transport overseas for previous Chinese customers

6 On or about March 2, 2004, Tetra Tech submitted a proposal to Qingdao for Services ("Proposal") A true and accurate copy of the Proposal is attached hereto as Exhibit "A" and incorporated herein by reference as if fully rewritten

7 The Proposal is based upon the removal of mechanical equipment only, based on Tetra Tech's past experience, because accessory equipment, such as electrical switchgear, conduit and hydraulic piping, is typically scrapped rather than dismantled and shipped to China due to the associated cost of dismantling and shipment overseas

8 On or about May 10, 2004, Qingdao accepted Tetra Tech's Proposal and entered into a Services Agreement for the Services ("Services Agreement") A true and accurate copy of the Services Agreement is attached hereto as Exhibit "B" and incorporated herein by reference as if fully rewritten

9 Section 5 1 of the Services Agreement provides that Ohio law will apply and that any "action, suit or proceeding arising out of or relating in any way to this AGREEMENT shall be commenced and maintained in the Hamilton County Court of Common Pleas in the State of Ohio Each party consents to the exercise of personal jurisdiction of such court as if the parties were personally present in Ohio "

10 The Services Agreement specifically excludes shipping of super sized break bulk Equipment

11 Tetra Tech agreed to provide and did provide a 100% Payment and Performance Bond, as required by the Services Agreement

12 Qingdao agreed to provide a 7% Down Payment and a Letter of Guarantee or Standby Letter of Credit for the remaining 93% of the total price of Services under the Services Agreement

13 Section 4 1 of the Services Agreement provides that Tetra Tech was to receive the Down Payment within 14 days after Tetra Tech submitted its invoice On June 4, 2004, the invoice and all contractual documents required for the Down Payment were issued to Qingdao by

Tetra Tech, requiring the Down Payment to be received by Tetra Tech on or before June 18, 2004

14 Qingdao breached the Services Agreement by failing to provide the Down Payment to Tetra Tech until July 7, 2004

15 Qingdao breached the Services Agreement by failing and refusing to provide a Letter of Guarantee or Standby Letter of Credit for 93% of the Services Agreement total price

16 Section 1 8 of the Services Agreement provides

> Notwithstanding any exclusions and exceptions mentioned in this AGREEMENT, it is in QISCO's sole discretion to decide which parts of the EQUIPMENT shall be dismantled and shipped Considering the time constrains [sic] for completing this AGREEMENT, QISCO will promptly determine and inform TTC which parts of the EQUIPMENT shall not be dismantled

17 In August 2004, Tetra Tech and Qingdao identified Equipment to be excluded in the Caster, LMF, and Building Structure areas only, which was confirmed by letter dated August 31, 2004 A true and accurate copy of the August 31, 2004 letter is attached hereto as Exhibit "C" and incorporated herein by reference as if fully rewritten

18 On or about September 23, 2004, Qingdao had still failed to comply with Section 1 8 of the Services Agreement and identify the scope of Equipment for removal Tetra Tech and Qingdao executed Amendment 1 to the Services Agreement, which provided that Tetra Tech would start the spares removal portion of the Services Agreement, but that no other portion of the removal contract would commence until the parties reached a mutual agreement concerning payment terms A true and accurate copy of Amendment 1 is attached hereto as Exhibit "D" and incorporated herein by reference as if fully rewritten

19 On November 5, 2004, the parties executed Amendment 2 to the Services Agreement, which modified the payment terms to eliminate Qingdao's requirement to guarantee

93% of the Services Agreement cost and replaced it with Qingdao's obligation to pay monthly progress payments to Tetra Tech A true and accurate copy of Amendment 2 is attached hereto as Exhibit "E" and incorporated herein by reference as if fully rewritten

20 Qingdao has breached Amendment 2 of the Services Agreement by failing and refusing to make monthly progress payments

21 Proposed Amendments 3, 4 and 5 were never approved by the parties

22 On February 8, 2005, the parties executed Amendment 6, which finally identified the Equipment selected by Qingdao to be dismantled and shipped to China by attaching a Mechanical Equipment List A true and accurate copy of Amendment 6 is attached hereto as Exhibit "F" and incorporated herein by reference as if fully rewritten

23 Section 1 5 of the Services Agreement provides, in pertinent part

> TTC will receive title to all scrap EQUIPMENT and ancillary EQUIPMENT not salvaged by QISCO QISCO will convey to TTC all rights to, title to and interest in all salvage materials generated as a result of the dismantling and not a part of the EQUIPMENT to be retained by the QISCO TTC will coordinate with GS's on-site staff for the disconnecting of all utilities including, but not limited to electric, water, air, natural gas, etc

24 In February 2005, Qingdao breached the Services Agreement by selling certain Equipment belonging to Tetra Tech, rather than delivering title to the Equipment to Tetra Tech

25 Section 12 5 of the Services Agreement provides an award of attorneys' fees to the prevailing party

> If a legal action or other proceeding is brought for enforcement of this AGREEMENT or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this AGREEMENT, the party that prevails shall be entitled to recover its reasonable attorney's fees, actual costs and expenses incurred, in addition to any other relief to which such party may be entitled

26 Tetra Tech has suffered substantial damages as a result of Qingdao's breach of the Services Agreement, as amended, and is entitled to an award of damages in an amount in excess of $7,000,000, to be proven at trial, plus its reasonable attorneys' fees, costs, interest and expenses incurred

**COUNT II**
**(In the Alternative--Unjust Enrichment)**

27 Tetra Tech hereby incorporates by reference the statements and allegations contained in Paragraphs 1 through 26 above as if fully rewritten

28 Section 1 6 of the Services Agreement required Qingdao to provide Tetra Tech with a written notice to proceed ("NTP") and states that if Qingdao "fails to provide TTC with the NOTICE before June 30, 2004, this AGREEMENT shall be deemed terminated and of no further force or effect " Tetra Tech did not receive the NTP until July 16, 2004

29 On July 28, 2004, Tetra Tech sent a letter to Qingdao, notifying Qingdao that it had failed to timely deliver the Down Payment and NTP under the Services Agreement A true and accurate copy of the July 28, 2004 letter is attached hereto as Exhibit "G" and incorporated herein by reference as if fully rewritten

30 The Services Agreement was automatically terminated and is of no further force or effect

31 Tetra Tech provided Services to Qingdao after the termination of the Services Agreement and is entitled to payment for the reasonable value of its Services

32 Qingdao has knowingly received and retained the benefit of the Services provided by Tetra Tech, without payment to and at the expense of Tetra Tech

33 As a result of the foregoing, Qingdao has been unjustly enriched to the detriment of Tetra Tech in an amount in excess of $5,000,000, to be proven at trial, plus costs and interest

**COUNT III**
**(Tortious Interference)**

34 Tetra Tech hereby incorporates by reference the statements and allegations contained in Paragraphs 1 through 33 above as if fully rewritten

35 Tetra Tech entered into various subcontracts with entities to perform the Services ("Subcontractors")

36 Qingdao and Southworth have improperly interfered with the performance of the Subcontractors by seeking to induce the Subcontractors to breach their contracts with Tetra Tech and contract directly with Qingdao to perform various duties of Tetra Tech under the Services Agreement, without privilege to do so

37 Qingdao's and Southworth's actions constitute tortious interference with Tetra Tech's contracts and business relationship with the Subcontractors

38 Qingdao's and Southworth's tortious interference is causing damage to Tetra Tech's business reputation and contractual relationships with the Subcontractors, causing certain Subcontractors to delay performance, increase their prices and/or demand advance payment for work

39 Tetra Tech is entitled to recover compensatory damages from Qingdao and Southworth in an amount in excess of $25,000, to be proven at trial, plus costs, interest, attorneys' fees and punitive damages in excess of $100,000

**COUNT IV**
**(Conversion)**

40 Tetra Tech hereby incorporates by reference the statements and allegations contained in Paragraphs 1 through 39 above as if fully rewritten

41 Qingdao wrongfully converted Tetra Tech's equipment to its own use and sold Tetra Tech's equipment for more than $2,000,000 00

42 As a direct and proximate result of Qingdao's conversion of Tetra Tech's equipment, Tetra Tech has been damaged in an amount in excess of $2,000,000 00, plus statutory interest, punitive damages, court costs and attorneys' fees

**COUNT V**
**(Ohio Civil Theft)**

43 Tetra Tech hereby incorporates by reference the statements and allegations contained in Paragraphs 1 through 42 above as if fully rewritten

44 Qingdao knowingly exerted control over Tetra Tech's equipment with the purpose to deprive Tetra Tech of title to the equipment without justification or excuse by converting Tetra Tech's equipment to its own use and selling it for in excess of $2,000,000 00

37 Pursuant to Ohio Revised Code §§ 2307 60 and 2307 61, Tetra Tech is entitled to recover from Qingdao liquidated damages in the amount of three times the value of the equipment, or namely, in excess of $6,000,000 00

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Tetra Tech Consulting & Remediation, Inc , respectfully requests the Court enter judgment as follows

A Judgment on Count I against Defendant, Qingdao Iron & Steel Group Holding Co Ltd , in an amount in excess of $7,000,000 to be determined at trial, together with interest,

attorneys' fees and costs,

B In the alternative to Count I, judgment on Count II against Defendant, Qingdao Iron & Steel Group Holding Co Ltd, in an amount in excess of $5,000,000 to be determined at trial, together with interest and costs,

C Judgment on Count III against Defendant, Qingdao Iron & Steel Group Holding Co Ltd, in an amount in excess of $25,000 to be determined at trial, together with punitive damages, attorneys' fees, interest and costs,

D Judgment on Count IV against Defendant, Qingdao Iron & Steel Group Holding Co Ltd, in an amount in excess of $2,000,000 to be determined at trial, together with punitive damages, attorneys' fees, interest and costs,

E Judgment on Count V against Defendant, Qingdao Iron & Steel Group Holding Co Ltd, in an amount in excess of $6,000,000 00,

F For costs, interest, attorneys' fees, punitive damages and such other and further relief as the Court deems just and equitable

**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP**

By Robert A. Hager

Robert A Hager (#0040196)
Mark F Craig (#0074634)
1375 East 9th Street, Suite 1700
Cleveland, Ohio 44114
Telephone (216) 621-5300
Facsimile (216) 621-5440
Email bhager@bdblaw com
mcraig@bdblaw com

***Attorneys for Plaintiff,***
***Tetra Tech Consulting & Remediation, Inc.***

**JURY DEMAND**

Plaintiff demands a trial by jury pursuant to Ohio Civil Rule 38(B)

Robert A. Hagen

«CL2 256474_v1»